UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KAROL JOHANA BOTERO-NAVARRO and JOSE MANUEL RAMIREZ-MEDINA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TAYLORSVILLE; CHIEF BRADY COTTAM; and SERGEANT SCOTT LLOYD,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO APPOINT COUNSEL**<br>**(DOC. NOS. 2, 24, & 25)**<br><br>Case No. 2:23-cv-00100<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiffs Karol Johana Botero-Navarro and Jose Manuel Ramirez-Medina have filed three motions for appointment of counsel.[1] Because Plaintiffs have not demonstrated appointment of counsel is warranted at this stage, the motions are denied.

While defendants in criminal cases have a constitutional right to representation by an attorney,[2] "[t]here is no constitutional right to appointed counsel in a civil case."[3] Appointment of counsel in civil cases is left to the court's discretion.[4] Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel." The applicant has the

---

[1] (Doc. Nos. 2, 24, & 25.)

[2] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[3] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[4] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

1

burden to convince the court his/her/their claim has enough merit to warrant appointment of counsel.[5]  When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[6]

Plaintiffs filed a form motion to appoint counsel the same day they filed their complaint, stating "the court has already approved the plaintiff's application to file the matter *in forma pauperis*."[7]  However, at that time, Plaintiffs had not applied to proceed *in forma pauperis*, and they had paid the filing fee.[8]  Plaintiffs later moved to proceed *in forma pauperis*,[9] and they each filed a new motion to appoint counsel.[10]  These new motions explain that a friend paid the filing fee on their behalf, they are actually indigent, and they seek appointment of counsel based on indigence.[11]

Even assuming Plaintiffs are indigent, they have not demonstrated appointment of counsel is warranted at this stage, considering the factors set forth above.  Although the merits of their claims have yet to be determined, the factual and legal issues raised in the complaint do not

---

[5] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[6] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[7] (Mot. for Appointment of Counsel, Doc. No. 2.)

[8] (See Docket Text, Doc. No. 1.)

[9] (Doc. Nos. 26 & 27.)

[10] (Doc. Nos. 24 & 25.)

[11] (*See* Doc. Nos. 24 & 25.)

appear so complex as to require appointment of counsel.  Further, Plaintiffs have proved capable of advocating on their own behalf thus far, including by serving the defendants and filing multiple motions.  For these reasons, the motions for appointment of counsel are denied.

DATED this 5th day of April, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge