UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KAROL JOHANA BOTERO-NAVARRO and JOSE MANUEL RAMIREZ-MEDINA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TAYLORSVILLE; CHIEF BRADY COTTAM; and SERGEANT SCOTT LLOYD,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL**<br>**(DOC. NO. 53)**<br><br>Case No. 2:23-cv-00100<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiffs Karol Johana Botero-Navarro and Jose Manuel Ramirez-Medina have filed a motion for appointment of counsel[1]—their sixth such motion in this case.[2] Because Plaintiffs have not demonstrated appointment of counsel is warranted at this stage, the motion is denied.

While defendants in criminal cases have a constitutional right to representation by an attorney,[3] "[t]here is no constitutional right to appointed counsel in a civil case."[4] Appointment of counsel in civil cases is left to the court's discretion.[5] Indigent parties in civil cases may

---

[1] (Doc. No. 53.)

[2] (*See* Doc. Nos. 2, 24, 25, 44, 50.)

[3] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[5] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

1

apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel." The applicant has the burden to convince the court his/her/their claim has enough merit to warrant appointment of counsel.[6] When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[7]

The court denied Plaintiffs' prior motions for appointment of counsel, finding they had not demonstrated appointment of counsel was warranted based on the factors set forth above.[8] Specifically, the court found that although the merits of Plaintiffs' claims have yet to be determined, the factual and legal issues raised in the complaint did not appear so complex as to require appointment of counsel.[9] Further, the court noted Plaintiffs have proved capable of advocating on their own behalf thus far, including by serving the defendants and filing multiple motions.[10]

Plaintiffs now argue appointment of counsel is warranted because (1) Ms. Botero-Navarro cannot read or write in English, and (2) Plaintiffs "do not have the education nor comprehension abilities" to respond to Defendants' discovery requests or meet scheduling order

---

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[8] (*See* Doc. No. 35; *see also* Doc. Nos. 48, 51.)

[9] (*See* Doc. No. 35 at 2–3.)

[10] (*See id.* at 3.)

deadlines.[11]  These arguments do not change the analysis set forth above.  Plaintiffs have proved capable of filing multiple coherent motions in English.  The fact that Plaintiffs have been served with discovery requests and are subject to court deadlines does not entitle them to appointment of counsel.  These are routine features of litigation, and unrepresented parties must "follow the same rules of procedure that govern other litigants."[12]  Further, there is no indication the discovery requests are so complex as to warrant assistance of counsel to respond.

For these reasons, the motion for appointment of counsel is denied.

DATED this 25th day of August, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[11] (*See* Doc. No. 53 at 2.)

[12] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).