## THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| KAROL JOHANA BOTERO-NAVARRO and JOSE MANUEL RAMIREZ-MEDINA,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF TAYLORSVILLE, CHIEF BRADY COTTAM, and SERGEANT SCOTT LLOYD,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:23-cv-00100 TC DBP<br><br>District Judge Tena Campell<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendants filed a Motion for Summary Judgment and served a copy on Plaintiffs via electronic mail and U.S. mail on September 29, 2023.[1] On January 8, 2024, Plaintiff Jose Manuel Ramirez-Medina and Defendants filed a Stipulated Motion to Stay Briefing on Summary Judgment with Respect to Ramierz-Medina as the parties were actively engaged in settlement negotiations.[2] The court granted the stipulation.[3]

Subsequently, the court entered an order to show cause ordering the other Plaintiff in this matter, Karol Johana Botero-Navarro, to show cause why Defendants' Motion for Summary Judgment should not be granted based on a failure to file any response. Because Botero-Navarro is proceeding pro se, the court gave additional time than that set forth in the Order to Show Cause to file a response. Botero-Navarro has not filed any response to the court's Order to Show Cause or Defendants' Motion. On March 20, 2024, Plaintiff Ramierz-Medina filed a request to

---

[1] ECF No. 58.

[2] ECF No. 65.

[3] ECF No. 68.

submit for decision as a resolution of his "claims cannot be finalized until Botero-Navarro's claims is resolved."[4]

## BACKGROUND

This case is brought against Defendants under 42 U.S.C. § 1983 for alleged violations of Plaintiffs' constitutional rights. On November 24, 2022, Defendant Lloyd initiated a traffic stop against Botero-Navarro. Plaintiff allegedly had been speeding and Defendant Lloyd initially thought the vehicle lacked a license plate, although there was a temporary paper license in the car's rear window. During the stop Botero-Navarro tried to make a phone call, but Defendant Lloyd took her cell phone away and placed it on top of the vehicle. Plaintiff tried to retrieve the cell phone and had it taken away again. Complicating this situation is the fact that Plaintiff speaks little to no English.

Plaintiff Ramirez-Medina approached the traffic stop at some point and began recording it. Ramirez-Medina alleges he was physically assaulted at some point during the proceedings.[5] And subsequently, a records request relating to the traffic stop was allegedly improperly denied. Plaintiff Botero-Navarro seeks punitive damages of $75,000 for having her rights violated. Plaintiff Ramirez-Medina seeks punitive damages of $50,000 and Plaintiffs request further training for the involved officers and police department.

Against this backdrop Defendants moved for summary judgment. Briefing has been stayed per the parties' agreement on the motion as to Plaintiff Ramirez-Medina. Plaintiff Botero-Navarro, however, has not filed any responses to Defendants' Motion or the court's Order to Show Cause. Under the Local Rules, a failure to file a timely response to a motion for summary

---

[4] ECF No. 70 p. 2.

[5] ECF No. 1 p. 4.

judgment does not automatically equate to granting the motion. Instead, the moving party must establish that they are "entitled to judgment as a matter of law."[6]

Plaintiffs did not issue any written discovery requests, take any depositions, send out any subpoenas, or conduct any depositions. Plaintiffs also failed to respond to any of Defendants' written discovery requests. Under Federal Rule 36(a)(3) a matter "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."[7]

## SUMMARY-JUDGMENT STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] A party may support factual assertions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."[9]

The movant has the "initial burden to demonstrate an absence of evidence to support an essential element of the non-movant's case."[10] Once movant meets this burden, "the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element."[11] To do so, the non-movant must "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the

---

[6] DUCivR 56-1(f) (2024).

[7] Fed. R. Civ. P. 36(a)(3).

[8] Fed. R. Civ. P. 56(a).

[9] *Id*. at 56(c)(1).

[10] *Johnson v. City of Bountiful*, 996 F.Supp. 1100, 1102 (D. Utah 1998).

[11] *Id.*

event of a trial from which a rational trier of fact could find for the nonmovant."[12] In ruling on a summary-judgment motion, this Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion."[13]

## ANALYSIS

Botero-Navarro brings a claim against Defendants for violating 42 U.S.C. § 1983, which permits individuals to obtain money damages or equitable relief if their federal constitutional rights have been violated. Candidly, the court has nothing before it that contradicts Defendants' argument that there was probable cause for the traffic stop. Plaintiffs' failure to respond to Defendants' discovery requests regarding the stop, under the federal rules, equates to an admission.[14] Under this same premise, Plaintiffs' contentions regarding being physically assaulted are also undermined.

Defendants argue Plaintiffs' failure to prosecute this case is inexcusable and warrants the granting of a Rule 41(b) dismissal motion. Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.[15]

The record here supports Defendants' arguments that Plaintiff Botero-Navarro has failed to prosecute this case. As such, the undersigned recommends that Defendants' motion be granted under Rule 41(b) as to Botero-Navarro.

---

[12] *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1999) (citation omitted).

[13] *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

[14] Fed. R. Civ. P. 36(a)(3).

[15] Fed. R. Civ. P. 41(b).

In the alternative, Defendants raise arguments against both Botero-Navarro and Ramirez-Medina. As to Botero-Navarro Defendants argue they are entitled to qualified immunity, her First Amendment challenges do not encompass a constitutional right, Botero-Navarro cannot demonstrate the officers' use of force was unreasonable, and there was no constitutional right against seizure during the traffic stop. Because the undersigned recommends the matter should be dismissed under Rule 41(b) the court does not specifically address these arguments. However, these arguments do appear persuasive based on the factual record and the authority relied on by Defendants. Defendants also raise arguments against Ramirez-Medina but based on the stipulation between Defendants and Ramirez-Medina, the court does not set forth those arguments or address them.

## REPORT AND RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Defendants' Motion be GRANTED as to Botero-Navarro.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.


DATED this 26 March 2024.


_____
Dustin B. Pead
United States Magistrate Judge